IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD A. BROADUS, KY-7740, )
    Petitioner, )
     )
    v. ) 2:15-CV-52
     )
COMMONWELATH OF PENNSYLVANIA, )
et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Richard A. Broadus for a writ of habeas corpus (ECF No.3), be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Richard A. Broadus, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus which he has been granted leave to further prosecute in forma pauperis. Broadus is presently serving a five to ten year period of incarceration to be followed by a ten year period of probation following his conviction by the court of possession with intent to deliver, intentional possession of a controlled substance, possession of marijuana, and driving an unregistered vehicle, at No. CP-02-CR-11050-2010 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on November 30, 2011. Although the petitioner was directed to self-report for incarceration at a later date he failed to do so.[1]

A timely notice of appeal was filed, but the appeal was dismissed on March 19, 2012 for failure to comply with the mandate of Pa.R.App.P. 3517 requiring the timely filing of a docketing statement.[2]

---

[1] See: Petition at ¶¶ 1-6. The petitioner was to self-report to prison thirty days after sentencing but absconded and was not apprehended until he surrendered on May 18, 2013.
[2] See: Petition at ¶ 9 and Exhibit 2 to the answer at p.2.

Broadus surrendered on March 18, 2013, and a timely post-conviction petition was filed on May 19, 2013. The latter was dismissed on December 3, 2013[3] and an appeal to the Superior Court was filed in which the issues presented were:

> I. The trial court erred in concluding that the record did not support a finding that appellant was provided with ineffective assistance of counsel throughout the preliminary hearing, suppression hearing, and non-jury trial.
>
> II. The trial court erred in concluding that the record did not support a finding that appellant's United States and Pennsylvania Constitutional rights were not violated during the suppression hearing and non-jury trial.[4]

The denial of post-conviction relief was affirmed on July 28, 2014[5] and leave to appeal was denied by the Pennsylvania Supreme Court on December 30, 2014.[6]

The instant petition was executed on January 8, 2015[7] and amended on April 15, 2015. In the latter, petitioner contends he is entitled to relief on the following grounds:

> I. The state erred in concluding: although the petitioner's representation on [direct review] fell below Sixth Amendment objective standards of reasonableness, those claims of trial error assigned to counsel's post-trial [direct review] were forfeited by the petitioner's fugitive status during [direct review] and could not be collaterally attacked.
>
> II. The state erred in applying the "fugitive forfeiture" rule to procedurally bar review of trial errors, when [cause] was assigned to appellate counsel's Sixth Amendment shortcoming, which denied the petitioner's substantive due process rights to effective assistance of counsel on direct review of his conviction.
>
> III. The state erred in not suppressing evidence seized in connection to the petitioner's unlawful arrest, where the "anonymous Enterprise representative" could not form the bases for probable cause, and the controlling charge of "unauthorized use" was dismissed.[8]

The background to Broadus' conviction is set forth in the trial court's Memorandum of November 16, 2011 denying petitioner's motion to suppress:

---

[3] See: Exhibit 8 to the answer at p.2.
[4] See: Exhibit 10 to the answer.
[5] See: Exhibit 12 to the answer.
[6] See: Exhibit 8 at p.3.
[7] The petition states it was executed on January 8, 2014, but it is apparent that the year entry is erroneous.
[8] See: Amended petition at p.9.

The defendant seeks to suppress from the Commonwealth's evidentiary presentation some marijuana and some cocaine. The marijuana was found in Mr. Broadus' front pocket and the cocaine was found inside the car Broadus was driving…

Law enforcement had, at least, reasonable suspicion to stop the Broadus driven vehicle on April 10, 2010. Officer Boyko stopped the car for not stopping at a stop sign.

The traffic stop led to interaction with Broadus, who was the driver. He was asked for his license, registration and insurance information. He gave Officer Boyko a driver's license and "an expired rental agreement from Enterprise Rent a Car." It had expired the day before. Officer Boyko called the national phone number. He learned the rental agreement expired the day before. Broadus was arrested for unauthorized use. There was nothing wrong with this arrest. [Officer Boyko] relied upon the information with which he was presented. The fact that later information proved that Broadus had permission to return the car at a later date does not impact the dynamic Officer Boyko was facing.

Upon arrest, Officer Boyko searched Broadus. He found marijuana. There was nothing improper, from a search and seizure standpoint, about the discovery of this marijuana.

Officer Boyko then had to deal with the automobile. An automobile which he recognized after the stop to have an expired registration sticker. Presented with a driver with no permission to drive and a vehicle that is not properly registered, Boyko decided to tow the vehicle. Before the tow, City of Pittsburgh police policy said an inventory must be conducted. The lack of a written document which shows the nuances of the policy is not fatal. The inventory of the Broadus driven vehicle [including cocaine seized from the vehicle's center compartment] was consistent with the 4th Amendment and Article 1, Section 8 of our state constitution (record references and citation omitted).[9]

In reviewing the issues before it, the Superior Court wrote:

In his first claim, Broadus asserts that his constitutional rights were violated because the arresting officer did not have probable cause to search the vehicle, and as a result, any evidence found during the vehicle search was inadmissible. Broadus also claims that the Commonwealth interfered with his right to a fair trial by citing incorrect facts. Further, Broadus argues that the trial court interfered with his constitutional rights by incorrectly applying the Parol Evidence Rule, and by rendering verdicts on the charges of possession of a controlled substance.

Generally, "a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if the time for filing has elapsed,

---

[9] See: Exhibits 3 and 13 to the answer.

he may not file; if it has not[,] he may." Commonwealth v. Deemer, 705 A.2d 827, 829 (Pa.1997).

In Commonwelth v. Judge, 797 A.2d 250 (Pa.2002), the Pennsylvania Supreme Court concluded that a petitioner's previous forfeiture of his direct appeal rights by reason of fugitive status renders him ineligible for collateral relief on the same issues. In holding petitioner's previous forfeiture of appeal rights as controlling, the Supreme Court opined that "we refuse to permit [a]ppellant to resurrect issues that were raised, or which could have been raised and would have been addressed, on direct appeal, had [a]ppellant demonstrated some kind of respect for the legal process."

Here, Broadus could have brought his claims regarding violations of his constitutional rights on direct appeal. While this Court dismissed Broadus's direct appeal for failing to file a docketing statement, Broadus forfeited the right to a direct appeal due to his fugitive status (record and page references omitted).[10]

"The PCRA precludes relief upon claims that have been previously litigated or have been waived due to failure to raise them earlier." Commonwealth v. Cox, 603 Pa. 223, 243 (2009).[11] In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner forfeited the right to pursue the issues he could have raised in this direct appeal, and for this reason is procedurally barred from raising them here. We also observe that a state court's resolution of a Fourth Amendment claim is final. Stone v. Powell, 428 U.S. 465 (1976).

Additionally, we note that under Pennsylvania law issues of ineffective assistance of counsel are properly raised in post-conviction proceedings, Comm. v. Bozic, 997 A.2d 1211 (Pa. Super), leave to appeal denied, 608 Pa. 659 (2010) cert. denied 131 S.Ct. 2939 (2011). In the instant case, petitioner seeks to raise issues which should have been raised in a direct appeal by framing them in the guise of an ineffective counsel claim. Among the issues which Boyko alleges in support of his claim of ineffective counsel are that counsel should have objected to hearsay

---

[10] See: Exhibit 12 to the answer at pp.3-4.
[11] 42 Pa.C.S.A. §9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

4

testimony regarding the car rental agreement or cross-examine the officer adequately regarding his investigation of the car rental, the officer's parol evidence regarding his conversation with Enterprise as well as lack of sufficiency and weight of the evidence. Thus these issues are procedurally defaulted here.

Petitioner also contends that counsel was ineffective in failing to preserve his appellate rights after petitioner fled and in entering a pretrial stipulation without petitioner's approval. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

Petitioner's contends that counsel was ineffective in failing to preserve his appellate rights despite his having fled. While it is true that the Superior Court dismissed his appeal as a result of counsel's failure to file a docketing statement, it is also true that the Superior Court during the post-conviction proceedings concluded that as a matter of state law, petitioner's flight forfeited his appellate rights. As a matter of state law, this determination is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

His remaining claim is that although counsel entered into a pretrial stipulation, he did so without his client's consent. In addressing this issue, the Superior Court wrote:

5

Broadus, without citing any relevant authority, asserts that counsel was ineffective for stipulating to various facts, including the facts averred in the affidavit of probable cause, the existence and amount of narcotics, and the testimony presented during the suppression hearing and the non-jury trial. Here, Broadus fails to demonstrate that the stipulations of the facts averred in the affidavit of probable cause, and allowing all testimony from the preliminary hearing and the suppression hearing would have changed the outcome of his case. Further, Broadus's counsel argued at trial that the narcotics in question were not found in plain view, and that Broadus did not possess the narcotics. See <u>Commonwealth v. Howard</u>, 749 A.2d 941 (Pa.Super. 2000)(stating that in order to be found ineffective, counsel's course of action must be "so lacking in reason that, in light of all the alternatives available, no competent attorney would have chosen it." ). Therefore, Broadus's claims regarding the stipulations are also without merit.[12]

Given the facts and circumstances of the petitioner's arrest, trial and conviction, it cannot be concluded that counsel's representation fell below any objective standards of reasonableness.

Since there is no showing made here that Broadus' conviction was secured in any means contrary to federal law as pronounced by the Supreme Court nor involved an unreasonable application of that law his petition here is without merit. For this reason, it is recommended that the petition of Richard A. Broadus for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Filed: June 9, 2015                                Respectfully submitted,
                                                   s/ Robert C. Mitchell
                                                   United States Magistrate Judge

---

[12] See: Exhibit 12 to the answer at p.6.